IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Rodagus Marilento Thomas, | ) | |
| | ) | C/A No. 9:08-CV-3111-DCN |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER & OPINION** |
| Darlene B. Drew, Warden, | ) | |
| FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to enforce the court's August 21, 2009 order awarding petitioner partial relief on his habeas petition. For the reasons set forth below, the court denies petitioner's motion without prejudice to his ability to re-raise the issue after he has exhausted his administrative remedies.

Petitioner, a federal prisoner, was charged with ten counts of misuse of the telephone. After reviewing the evidence, the Discipline Hearing Officer (DHO) found petitioner guilty of all ten counts and imposed the following sanctions: (1) a loss of phone privileges until June 23, 2065; (2) a loss of twenty-seven days of good time credit; (3) a loss of commissary privileges until December 18, 2038; and (4) a loss of visitation privileges until April 16, 2046. Garnering no relief through his administrative remedies, petitioner filed a habeas petition in this court pursuant to 28 U.S.C. § 2241, arguing, in part, that the sanctions violated the Eighth Amendment prohibition against cruel and unusual punishment. On August 21, 2009, the court found in favor of respondent on petitioner's claims regarding loss of good time credits, commissary privileges, and phone privileges. On petitioner's claim regarding loss of visitation privileges, the court found

1

that the loss constituted a permanent ban on his visitation privileges and thus violated petitioner's Eighth Amendment rights. The court ordered the Bureau of Prisons (BOP) to re-sentence petitioner only on his visitation privileges. Shortly thereafter, the BOP re-sentenced petitioner to a loss of visitation privileges for ninety-nine months, with those privileges to be restored on January 15, 2015.[1] Petitioner argues that this re-sentencing did not provide the relief contemplated by this court's August 21, 2009 order.[2]

Petitioner's motion is premature, as he has not yet exhausted his administrative remedies regarding his revised sentence. In an unpublished case, the Fourth Circuit has said that "a petitioner must exhaust administrative remedies before bringing a § 2241 action." Crosson v. State, 1994 WL 12032, at *1 (4th Cir. January 20, 1994) (citing Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987)). Other circuit courts of appeals agree. See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (same); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (same); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981) (same); United States ex rel. Sanders v. Arnold, 535 F.2d 848, 850-51 (3d Cir. 1976) (same); Willis v. Ciccone, 506 F.2d 1011, 1014-15 n.3 (8th Cir. 1974) (same).

---

[1] It appears petitioner has a projected release date of October 2015.

[2] Petitioner has already attempted to challenge this revised sentence in his appeal to the Fourth Circuit of the court's denial of his other habeas claims. The Fourth Circuit found that petitioner was entitled to no relief on his revised sentence challenge because it does "not have jurisdiction to hear appeals directly from a BOP disciplinary hearing or re-sentencing." Thomas v. Drew, No. 09-7669, at 5 (4th Cir. February 17, 2010).

Petitioner's current motion is essentially a second habeas action challenging his revised sentence. Consequently, he must exhaust his administrative remedies before coming to this court for relief. In his current motion, petitioner advises that his Regional Administrative Remedy Appeal was rejected because he failed to provide the DHO report from which he appealed. Petitioner requested such a report from the DHO, who advised petitioner by letter on October 13, 2009, that, because the DHO had merely re-sentenced petitioner, a new DHO report was not required. Regarding petitioner's administrative appeal, the DHO further advised petitioner to submit a copy of the October 13, 2009 letter along with the re-sentencing letter to the appellate authority.[3] Petitioner acknowledges receiving this advice, but there is no evidence in the record that petitioner has attempted to re-submit his administrative appeal per the DHO's advice or that the administrative appellate authority has conclusively ruled on petitioner's administrative appeal.

Accordingly, the court **DENIES** petitioner's motion without prejudice to re-raise the current issue once he has exhausted his administrative remedies.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**March 24, 2010
Charleston, South Carolina**

---

[3] Petitioner asserts that he did submit the re-sentencing letter with his first attempted administrative appeal.